### UNITED STATES of America

#### v.

### Joseph CRUM.

**Civil No. L–97–2108.**
**Crim. No. L–94–0384.**

United States District Court, D. Maryland.

Aug. 12, 1999.

Kenneth D. Auerbach, of Silver Spring, MD, for plaintiff.

Lynne A. Battaglia, United States Attorney, and Katharine J. Armentrout, Assistant United States Attorney, Baltimore, MD, for U.S.

*MEMORANDUM*

LEGG, District Judge.

Petitioner, Joseph Crum, a federal prisoner acting *pro se*,[1] has filed a motion under 28 U.S.C. § 2255 to vacate his sentence. For the reasons set forth below, the Court shall, by separate Order, DENY Mr. Crum's motion.

### Background

Joseph Crum was arrested on August 24, 1994 in downtown Baltimore after a high-speed chase. Law enforcement officers had been investigating Crum for involvement in a drug dealing conspiracy for several months. The chase ensued after officers attempted to stop Crum's car on the suspicion that he was transporting narcotics. At the conclusion of the chase, officers ound over a kilogram of cocaine in Crum's vehicle.

On February 17, 1995, a jury found Crum guilty of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). After finding that Crum met the career offender guidelines, the Court sentenced Crum to 300 months incarceration on each count, with the sentences to run concurrently.

Crum appealed. In his direct appeal, Crum cited as reversible errors this Court's denial of his Motion to Suppress Evidence and the failure of his trial counsel to object to the admission of certain testimony. The Fourth Circuit, in a *per curiam* opinion, affirmed Crum's conviction. *See United States v. Crum*, 103 F.3d 121, 1996 WL 698065 (4th Cir. Dec.6, 1996).

Crum then filed the pending § 2255 motion, alleging ineffective assistance of counsel in two regards:

1. Mr. Crum was represented by court-appointed counsel during sentencing, direct appeal, and the initial filing of the present motion. Mr. Crum began proceeding *pro se* in this matter after alleging that his court-appointed counsel could not effectively pursue an ineffective assistance of counsel claim related to that counsel's own behavior at sentencing.

(i) failure to call three witnesses whom Crum believes would have supported his claim of innocence; and

(ii) failure to object to what Crum deems inadmissable hearsay.

After the government filed its reply, Crum sought to add additional grounds for relief to his § 2255 motion.[2] The Court deemed the proposed amendments untimely and denied Crum permission to amend on December 11, 1997. Crum filed a Motion for Reconsideration of that denial, which the Court denied on April 13, 1998. Now before the Court are petitioner's original motion (Dkt. No. 118) and his Motion for an Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing 28 U.S.C. § 2255 Proceedings (Dkt. No. 135).

## Discussion

### A. Legal Standard for Ineffective Assistance of Counsel Claims

■ Ineffective assistance of counsel claims are evaluated under the familiar two part test from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show: (i) that his trial counsel's legal representation "fell below an objective standard of reasonableness," *see* 466 U.S. at 687–88, 104 S.Ct. 2052, and (ii) that he was prejudiced by the subpar performance of his trial counsel. While establishing a two-part test, the *Strickland* Court further noted that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." 466 U.S. at 697, 104 S.Ct. 2052. In cases where "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," *id.*, the Supreme Court instructed district courts to follow that course.

As explained herein, the Court finds that Crum's conviction was supported by ample evidence, and that the alleged errors by Crum's trial counsel do not amount to prejudice under *Strickland*. The two issues raised in Crum's petition will be discussed in turn.

### B. Failure to Call Witnesses

■ Crum alleges that his trial counsel's failure to call two witnesses to testify on his behalf constituted ineffective assistance of counsel. He also makes a similar claim with respect to the very limited direct examination conducted of a third witness. The three witnesses were O'Dell Sullivan, Keisha Rogers, and Ty Watts. After reviewing Mr. Crum's claims and the government's response, the Court finds that the omission of these witnesses' testimony did not constitute ineffective assistance of counsel.

Crum believes that the testimony of Sullivan, Rogers, and Watts would have effectively discredited the testimony of two government witnesses, Donovan Dorsey and Tyrone McLaughlin. The testimony of these two witness strongly supported the government's claim that Crum participated in a drug conspiracy. Dorsey testified that he allowed Crum to use his grandmother's house as a place to store drugs. Dorsey introduced Crum to McLaughlin, who also testified to the existence and operation of the drug conspiracy. McLaughlin became involved with the conspiracy after he was asked to buy guns on behalf for Crum, who had a prior criminal record and could neither legally purchase nor own firearms.

---

**2.** *Mr. Crum sought to add ineffective assistance claims based on 1) a stipulation agreed to by his trial counsel that the substance in question was actually crack cocaine, 2) the failure of his sentencing counsel to object to Mr. Crum's being sentenced under the law applicable to crack cocaine, when no evidence was introduced at trial that the substance was crack cocaine, and 3) the failure of sentencing counsel to object to the use of a "non-adult conviction in the State of New York" in deeming Mr. Crum a career offender for sentencing purposes.*

Crum is correct that the testimony of McLaughlin and Dorsey was damaging to his defense. It is unlikely, however, that the testimony of the three witnesses he identified would have discredited McLaughlin and Dorsey. When examining the potential prejudice from failure to call witnesses, the Court must consider the totality of the evidence. *See Strickland,* 466 U.S. at 695, 104 S.Ct. 2052. After such a review, the Court finds that 1) the testimony of Crum's proffered witnesses would have been impeached by the government and 2) that ample independent evidence outside the testimony of Dorsey and McLaughlin existed which would have led the jury to convict Crum in any event.

### 1. Testimony of O'Dell Sullivan

Crum's trial counsel had planned to call Sullivan as a defense witness. He was unable to do so, however, because Sullivan was arrested for assault and burglary on the day he was to testify. His proffered testimony would have directly contradicted Dorsey on major points. In brief, Sullivan would have testified that Dorsey was the leader of the drug conspiracy operating in the Carver Hall housing project and that Sullivan had sold drugs for Dorsey, not Crum. He also would have testified that he never met Crum until they were incarcerated together and that Dorsey and McLaughlin framed both Crum and him for the drug conspiracy at Carver Hall.

Sullivan would have been subject to cross-examination on several grounds. First, the government could have demonstrated his bias against Dorsey and McLaughlin, whom he believed had caused his own arrest. Second, the prosecutor would have pointed out the inconsistencies between his story and the facts surrounding the drug conspiracy. Crum was arrested after a high-speed chase with over a kilogram of cocaine in his car. Furthermore, while in jail, Mr. Crum wrote a letter to Ty Watts telling him "to call the shots and make moves." The letter, which was found when the police executed a search warrant for Watt's apartment, also discusses Crum's fear that several of their associates might "flip on" or testify against him. In the face of the substantial evidence supporting McLaughlin and Dorsey's testimony that Crum participated in the drug conspiracy, the contradictory testimony of Sullivan would not have seriously affected the government's case against the petitioner. Accordingly, the failure of Sullivan to testify cannot form the basis for a ineffective assistance of counsel claim.

### 2. Testimony of Keisha Rogers

Rogers' testimony would have also sought to discredit the testimony of Dorsey. She was prepared to testify that Dorsey was interested in a romantic relationship with her while she was involved with Crum. This possibility was explored by Crum's trial counsel during cross-examination of Dorsey. Rogers had no testimony to offer as to Crum's alleged drug dealing. The Court finds that the lack of her testimony on the issue of Dorsey's credibility did not prejudice the defendant.

### 3. Testimony of Ty Watts

Crum also alleges that his trial counsel failed to properly examine Ty Watts. Watts was called to the stand and examined briefly. Crum's counsel limited his direct examination to asking Watts whether he had pled guilty to possession of cocaine found by the police after the car chase on August 24th 1994. Crum's petition does not specify in what manner he was prejudiced by this limited examination.

It appears that the limited examination of Watts was part of a strategic decision by Crum's trial counsel. By eliciting the fact that Watts had pled guilty to possession of the cocaine seized after the high-speed chase, Crum's attorney attempted to demonstrate to the jury that Watts, and not Crum, was responsible for the drug activity. By so limiting his direct examination, Crum's counsel prevented the government from delving into Watt's extensive knowledge of Crum's drug activities on cross-examination. Without any specif-

ic information from Crum as to how this limited examination harmed his defense, the Court finds no error on the part of Crum's trial counsel with respect to the examination of Watts.

## C. Failure to Object to Hearsay Statements

Crum's second ground for relief is the failure by his trial counsel to object to alleged hearsay elicited by the prosecutor. Given the strength of the evidence against Crum, the Court also finds no prejudice from the failure of defense counsel to object to certain statements, many of which were not hearsay under the Federal Rules of Evidence. The statements Crum objects to can be grouped in two major categories: statements related by the government witnesses Dorsey and McLaughlin and statements related by Baltimore Police Officer William Cheuvront. These two issues will be addressed in turn.

### 1. Statements Related by Dorsey and McLaughlin

■ Crum objects to a total of ten statements related by either Dorsey or McLaughlin at trial. These statements, which were made by co-conspirators, were admitted under Fed.R.Evid. 801(d)(2)(E). Rule 801(d)(2)(E) provides that a statement is not hearsay if it is:

a statement by a conconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish ... the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

FED.R.EVID. 801(d)(2)(E) Crum's essential complaint is that there was insufficient evidence apart from the admitted statements for the Court to determine that a conspiracy existed and that the statements were made in furtherance thereof.

The Court finds these contentions meritless. As the Fourth Circuit noted when dismissing Crum's direct appeal on similar issues,

it is not necessary for the district court to set forth a detailed rationale for admitting the statement as long as the record demonstrates the statements' admissibility.

*United States v. Crum,* 103 F.3d 121, 1996 WL 698065 at *2 (citing *United States v. Blevins,* 960 F.2d 1252, 1256 (4th Cir. 1992)). As described above, there is ample evidence in the record that Crum participated in a drug conspiracy with Dorsey and McLaughlin. Accordingly, this claim for relief is without merit.

### 2. Statements Related by Officer Cheuvront

■ Crum also alleges that his counsel was ineffective in failing to object to hearsay statements offered at trial by Baltimore Police Officer William Cheuvront. The Fourth Circuit also considered this claim. It found that three statements related by Officer Cheuvront were hearsay, but "given the overwhelming strength of the case against Crum, the admission of these statements was not reversible error." *United States v. Crum,* 103 F.3d 121, supra, 1996 WL 698065 at *3.

As Crum himself notes, the trial court inquired as to whether certain statements related by Officer Cheuvront might be inadmissible hearsay. (*See* Pet. at 17). Crum's counsel did not wish to raise the issue, apparently as part of a trial strategy designed to demonstrate Cheuvront's inexperience and eagerness to believe the statements of cooperating witnesses. The fact that such a strategy did not win an acquittal for Crum does not amount to ineffective assistance of counsel. Having reviewed the pleadings, the Court finds that the statements related by Officer Cheuvront could not support a finding of prejudice caused by ineffective assistance of counsel.

## Conclusion

For the foregoing reasons, this Court shall, by separate Order, DENY Crum's § 2255 Motion to Vacate his sentence.

## *ORDER*

For the reasons stated in a Memorandum of even date, the Court hereby:

(i)   DENIES petitioner's Request for an Evidentiary Hearing Pursuant to Rule 8 of the Rules Governing 28 U.S.C. § 2255 Proceedings (Dkt. No. 135);

(ii)  DENIES petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 118); and

(iii) DIRECTS the Clerk to CLOSE this case.